Kyle Petersen
#76994-097
USP Lompoc
3901 Klein Blvd.
Lompoc, CA 93436

Pro se

**FILED**

JUL 20 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

**RECEIVED**

JUL 20 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

KYLE PETERSEN,

Plaintiff,

v.

MEKIASH BUYARD-~~Petersen~~,

Defendant.

CASE No.:

1:20CV00999 NONE SAB

CIVIL RIGHTS COMPLAINT

PURSUANT TO 42 USC §1983.

NEW COMPLAINT

## A. JURISDICTION

1. This court has jurisdiction over this action, pursuant to 42 USC §1983.

2. The constitutional violation below, occurred in Bakersfield, California; which is in the Eastern District of California.

## B. DEFENDANT

1. Defendant Mekisha Buyard-~~Petersen~~, is a parole agent, employed by California Department of Correction's, Division of Adult Parole Operations.

C. PREVIOUS LAWSUITS

Plaintiff has previously filed three other law suits

1. Petersen v. Fresno County sheriff's office, et al; 1:18-cv-00531-LJo-BAM (E.D. CAL), was dismissed for failure to state a claim.

2. Petersen v. Buyard; 1:19-cv-00235-DAD-EPG (E.D. CAL), was dismissed for failure to state a claim.

3. Petersen v. Sims, Jr., et al; 1:19-cv-00138-DAD-EPG (E.D. CAL), is pending.

D. CAUSE OF ACTION: CLAIM ONE

1. Plaintiff Fourth Amendment rights against unreasonable search and seizure was violated.

2. The claim involved the unconstitutional search of Plaintiff's cell phones.

3. Supporting Facts: On May 23, 2017, Parole Agent Mekisha Buyard-~~Pehmom~~, badge number 6115, searched Plaintiff's cell phone without a warrant. See United States v. Petersen, 1:17-cr-00255-NONE-SKO (E.D. CAL) (Hereinafter, "Criminal Case").[1] During this search, Defendant accessed

[1] "The Court may take judicial notice of its own records in other cases[.]" Petersen v. Buyard, 2019 US DIST. LEXIS 173026, at 6, note 1 (E.D. CAL. October 4, 2019) (Citing United States v. Wilson, 631 F.2d 118, 119 (9TH Cir. 1980). Plaintiff requests this court take judicial notice of United States v. Petersen; 1:17-cr-00255-NONE-SKO ("Criminal Case") and Petersen v. Sims, Jr., et al; 1:19-cv-00138-DAD-EPG ("Bivens").

2

the internet "browser", Criminal Case, ECF 25-1, at 11, opened Plaintiff's facebook account and searched it, and opened and searched Plaintiff's account on "Plenty of fish", a dating application. Id, at 12.

On July 6, 2017, Defendant searched Plaintiff's LG cell phone without a warrant. During this search, Defendant accessed, opened, and searched several social media applications. Id, at 17. ("I conducted a search of the cell phone and saw that Petersen had an active account on the following social Media websites: Facebook, Messenger, Snapchat, Instagram, ooVoo, Kik, and Get friends. I found that Petersen is actively messaging several young females through these social media websites.")

On August 2, 2017, September 16, 2017, October 5, 2017, and October 21, 2017, Defendant searched a total of five of Plaintiff's cell phones. [2] In each of these Searches, Defendant accessed social media accounts.

In an October 4, 2019, screening order in Petersen v. Buyard, 1:19-cv-00235-DAD-EPG (Petersen v. Buyard, 2019 US DIST. LEXIS 173026 (E.D. CAL., October 4, 2019); adopted by, motion denied by, dismissed by Petersen v. Roberson-Buyard, 2019 US DIST LEXIS 216853 (E.D. CAL, December 16, 2019), this court held that the claim was barred by Heck v. Humphrey, 512 US 477 (1994), as "Plaintiff's parole was formally revoked based on the May 23, July 6, and July 17 through September 23 parole searches of the Unimax, LG,

[2] A sixth cell phone may have been searched without a warrant, but Plaintiff won't know for a fact until he is able to get discovery. Plaintiff, therefore, reserves the right to add the sixth cell phone to the claim, at a latter point.

and other cell phones, and Plaintiff has not alleged that his parole violation convictions have been overturned or otherwise favorably terminated in Plaintiff's favor," Id at 12, and that due to United States v. Johnson, 875 F.3d 1265, 1273-76, (9th Cir 2017)," the Third Amended Complaint does not state a cognizable claim for violation of the Fourth Amendment because Defendant's parole searches of Plaintiff's cell phones were authorized under California law and fall within the scope of searches allowed under the terms and conditions of Plaintiff's parole. After careful research, Plaintiff has found that the court was incorrect.

Under the Fourth Amendment the people have the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" Amendment IV. "[T]he Ultimate touch stone of the Fourth Amendment is 'reasonableness'." Brigham City v. Stuart, 547 US 398, 403 (2006)." Where a search is undertaken by law enforcement officials to discover evidence of criminal wrong doing ... reasonableness generally requires the obtaining of a judicial warrant." Vernonia School Dist. 47J. v. Acton, 515 US 646, 653 (1995)." In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." Riley v. California, 573 US 373, 382 (2014).

Because "parolees are on the 'continuum' of state-imposed punishments[]" Samson v. California, 547 US 843, 850 (2006) (Quoting United States v. Knights, 534 US 112, 119, 122 (2001))," parole is more akin to imprisonment than probation is[,]" Id., and "parole is an established variation on imprisonment of convicted criminals" in which "the essence of parole is release from

prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence[.]" Id., (Quoting Morrissey v. Brewer, 408 US 471, 477 (1972)), parolees have a "significantly diminished [expectation] [of] privacy[.]" Id at 849, 850. However, "parolees still enjoy limited Fourth Amendment rights." United States v. Johnson, 875 F.3d 1265, 1274 (9TH Cir. 2017)

"A parole search is proper if conducted in a manner consistent with state law." United States v. Garcia-Cruz, 978 F.2d 537, 541 (9TH Cir. 1992). See also United States v. Bautista, 599 Fed. Appx. 645, 646 (9TH Cir. 2015) (Unpublished). ("A parole search is valid if it complies with state law."). And "[O]nly after the meaning and scope of a [parole] search clause are determined, does the federal Fourth Amendment analysis begin." Bautista, 599 Fed. Appx at 646 (Quoting United States v. King, 736 F.3d 805, 806, n.3 (9TH Cir. 2013)) While the meaning and scope of a search clause, as determined, under state law, is a seperate issue and analysis from the Fourth Amendment protections afforded to an individual, the scope and meaning of the search clause set forth the Fourth Amendment boundries.

Plaintiff's parole search clause provided:

"You, your ~~property~~ residence, and any property under your control are subject to search and seizure by a probation officer, an agent or officer of the California Department of Corrections and Rehabilitation, or any other peace officer at any time of the day or night, with or without a warrant, with or without cause." Petersen v. Bayard, 2019 US Dist. LEXIS at 5.

Under Samson v. California, 547 US 843 (2006), a parolee must have notice of and agree to a parole condition, United States v. Lopez, 474 F3d 1208, 1214 (9TH Cir. 2007), if the condition is "clear and unambiguous", United States v. Cervantes, 2017 US App. LEXIS 18017, at 12 (9TH Cir. 2017), in order for a warrantless search to be "deemed reasonable under the Fourth Amendment." Id. What must be determined is "whether the search of [Plaintiff's cell phones were] in fact authorized by the clear and unambiguous terms of his search condition." Id.

Under California Law, "the proper inquiry focuses on what a reasonable, objective person would understand the search condition to mean at the time of the search." People v. Sandee, 15 Cal. App. 5th 294, 301 (2017). Specifically, the determination is "whether at the time of the search a reasonable, objective person would have understood the search of [the Plaintiff's] cell phone[s] to fall within the scope of the warrantless search conditions[.]" Id., at 305; See. also People v. Woods, 88 Cal. Rptr. 2d 88, 97 (1999)("[T]he search in any case remains limited in scope to the terms articulated in the search clause.").

Here, the parole searches took place in May, July, August, September, and October of 2017. At this point, the Ninth Circuit had not issued its decision in Johnson (filed November 27, 2017, approving a parole search of the defendant's cell phone similar to the searches alleged here). Instead, at the time of the searches at issue here, the most relevant authority was United States v. Lara 815 F3d 605 (2016) (filed March 3, 2016, holding that the search of a probationers phone, by his probation officer was unlawful and subject to the

exclusionary rule.)[3]

In Lara, the defendant was on state "probation following a conviction for possession for sale and transportation of methamphetamine in violation of California Health and Safety Code §§11378 and 11379(a)." 815 F3d, at 607. His probation conditions included a "Fourth Amendment waiver", providing: "for the period during which I am on probation or mandatory supervision I will submit my person and property, including any residence, premises, container or vehicle under my control to search and seizure at any time of the day or night by any law enforcement officer, probation officer, post-release community supervision officer, or parole officer, with or without a warrant, probable cause, or reasonable suspicion." Id.

Pursuant to this search condition, and without a warrant, a state probation officer searched the defendant's cell phone. See Id, at 608. The search revealed incriminating evidence and he was eventually charged with a federal offense (felon in possession of a firearm). See Id. He moved to

[3] Although the California Court of Appeals held that the term property in a probationers search condition did include cell phone data, People v. Sandee, 15 Cal. App. 5th 294 (2017), the same court, over five months earlier, held that the term property in a probationers search condition "extends only to tangible property, and not to electronic data. As so construed, the condition is not unconstitutionally vague." In re I.V., 11 Cal. App. 5th 249, 262 (2017). As such, California precedent, at the time of the search, was inconsistent and non-conclusive, while Ninth Circuit precedent (Lara) was clearly established.

Suppress, arguing the warrantless cell phone search violated the fourth Amendment. See Id. The district court denied the motion. See Id.

The Ninth Circuit reversed. It noted the search condition did not clearly apply to Lara's cell phone: "None of these terms - in particular, neither 'container' nor 'property'- clearly or unambiguously encumpasses his cell phone and the information contained therein." Id at 610. Further, relying on Riley v. California, 573 US 373 (2014), the Ninth Circuit explained that Lara's "privacy interest was substantial in light of the broad amount of data contained in, or accessible through, his cell phone. We recognize that his privacy interest was somewhat diminished in light of [his] status as a probationer. But it was not diminished or waived because he accepted as a condition of his probation a clear and unequivocal search provision authorizing cell phone searches (he did not)[.]" Id, at 611-612.

Given that Lara was decided more than a year before the parole searches here, at the time of the searches, "a reasonable, objective person would [not] have understood the search[es] of [Plaintiff's] cell phone[s] to fall within the scope of the warrantless search conditions[.]" Sandee, 15 Cal.App. 5th, at 305. Although parolees have reduced privacy interests as compared to probationers, see Lara, 815 F.3d, at 610, there was nothing in Plaintiff's parole conditions expressly allowing for warrantless cell phone searches.

The only mention of a cell phone came in a condition prohibiting possession, not authorizing a search. ("You shall not

use or possess ... cell phones that include a camera." Condition 81. Criminal Case, ECF 25-1, at 7,). The first search condition, as in Lara, applied generally to "any property under your control, Id at 3. A second, more specific search condition was plainly aimed at computer devices, not cell phones ("You shall consent to ~~con~~ announced or unannounced examination and/or search of electronic devices to which you have access for the limited purpose of detecting content prohibited by your conditions of parole or court order; e.g., hard disks, DVDs, CDs, Zip disks, floppy disks, and/or any other storage media whether installed within a device or removable and separate from **the** actual computer device." Condition 90, Criminal Case, ECF 25-1, at 8,) (Bold for emphasis, emphasis mine), and did not authorize a warrantless search. See People v. Woods, 88 Cal. Rptr. 2d at 97, ("In all cases, a search pursuant to a probation search clause may not exceed the scope of the particular clause relied upon."). You cannot read words into the condition that are not there ("[T]he search ... remains limited ~~to~~ in scope to the terms articulated in the search clause."), and a warrantless search is not articulated in the clause. Nor can you rely on the warrantless search clause to extend to Condition 90, as it would be "exceed[ing] the scope of the particular clause relied upon," Id at 97.

Thus, just like in Lara, Plaintiff's privacy interest was not "diminished or waived because he accepted as a condition of his [parole] a clear and unequivocal search provision authorizing cell phone searches (he did not)[.]" Lara, 815 F.3d, at 612. Further, there is no basis to distinguish a parolee ~~probation~~ like Plaintiff from a probationer on the validity and reasonableness of a

parole condition. See People v. Martinez, 226 Cal. App. 4th 759, 764 (2014) ("The validity and reasonableness of parole conditions is analyzed under the same standard as that developed for probation conditions.")

Under Lara and Riley, at the time of the parole searches at issue, a reasonable person would understand that, although diminished, Plaintiff's privacy interest remained "substantial in light of the broad amount of data contained in, or accessible through, his cell phone." Lara, 815 F.3d at 612. Thus, the same reasonable person would have concluded Plaintiff's conditions did not extend to warrantless cell phone searches.

It, therefore, follows that the parole searches were unlawful, violating Plaintiff's Fourth Amendment rights.

Additionally, there is the issue of scope. Assuming arguendo the search conditions did allow Defendant to search any cell phone in Plaintiff's possession, that does not mean she could also permissibly search remote "cloud" data accessible

(4) Johnson could not argue that "at the time of the search" Riley and/or Lara applied because both warrantless searches of his cell phone were before Riley and Lara. See Johnson, 875 F.3d at 1271-1272 (warrantless search on February 2, 2014), and at 1272 (warrantless search on February 5, 2014). Riley was decided on June 25, 2014, and Lara was decided in 2016. As such, a reasonable, objective officer would have believed his search condition - in particular, the term property - to include cell phone data. That is not the case here.

via the cell phone. See United States v. Cotterman, 709 F3d 952, 965 (9TH Cir. 2013)(en banc) ("With the ubiquity of cloud computing, the government's reach into private data becomes even more problematic. In the 'cloud', a users data, including the same kind of highly sensitive data one would have in 'papers' at home, is held on remote servers rather than on the device itself."); Riley, 573 US, at 396-397 (discussing the "broad array of private information" stored in cloud accounts.)

But she did. On all seven (or eight) cell phones she accessed either the internet "browser" or social media applications.

These cloud searches (as opposed to searches of data saved on the cell phones) were distinct Fourth Amendment violations because they plainly exceeded the scope of the written parole conditions and were thus inconsistent "with State Law." Garcia-Cruz, 978 F2d, at 541. Indeed, "[i]nformation stored in a remote location cannot be considered in the probationer's possession nor entirely within his or her control. Remotely stored information may also implicate the privacy interests of third parties who are not otherwise subject to search or court supervision. This remains true even if the information is posted to a social networking website or to a large group of people." In re Malik. J., 240 Cal. App. 4th 896, 903 (2015).

As such, "in performing ce[] searches, officers must show due regard for information that may be beyond a probationer's custody or control or implicate the privacy rights of the probationer or third parties....They should[] first disable the device from any Internet or cellular connection. These measures will limit a search to information that is stored

on the device... and thus in the probationer's possession and subject to his or her control." Id, at 903-904.

Here, that did not happen.

Nor could the Defendant rely on qualified immunity because Riley and Lara were clearly established at the time of the search, as was In re Malik, J.

Finally, this claim is not barred by Heck v. Humphrey, 512 US 477 (1994).

"[W]hen a... prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence.... [I]f the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to suit." Id at 487.

Here, Plaintiff plead guilty to a parole violation for each of the cell phones in this claim. The violations, however, did not rest solely upon evidence obtained during the search. In each violation, Plaintiff was violated with possessing an unauthorized cell phone. If successful, this claim would not "necessarily imply the invalidity of the revocation." Spencer v. Kemna, 523 US 1, 17 (1998)(Quoting Heck v. Humphrey, 512 US 477, 487 (1994)). If the searches were held to have violated the Fourth Amendment, the parole violation could, and would, still stand because Plaintiff possessed a cell phone that he was not supposed to have, in violation of Special Condition

81, was charged in the violation report with such possession, and plead guilty to that possession along with the rest of the counts. As such, "Heck [has] no application at all." Spencer, 523 US, at 17.

## E. REQUEST FOR RELIEF

Plaintiff asks for $400,000 in punitive damages for each cell phone illegally searched, for a total of $2,800,000 [5] and $350 in compensatory damages. In addition, Plaintiff asks for all legal fees to be paid by defendants.

## F. DECLARATION

I, Kyle Evan Petersen, am the Plaintiff in this action and I declare, under the penalty of perjury, that the foregoing is true and correct and that this declaration was executed on July 16, 2020, at the United States Penitentiary, in Lompoc, CA.

Kyle Petersen,    Plaintiff, Pro se

[5] Or $3,200,000 if discovery proves that an eight cell phone as searched.

12