1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KYLE PETERSEN,                         No.  1:20-cv-00999-DAD-EPG

12              Plaintiff,                   FINDINGS AND RECOMMENDATIONS,
                                             RECOMMENDING STAYING THIS
13        v.                                 ACTION PENDING COMPLETION OF
                                             PLAINTIFF'S APPEAL TO THE NINTH
14   MEKISHA BUYARD,                         CIRCUIT

15              Defendant.                   (ECF NO. 1)

16                                           TWENTY-ONE DAY DEADLINE

17

18          Plaintiff Kyle Petersen ("Plaintiff") is a federal inmate proceeding *pro se* and *in forma*

19   *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint

20   commencing this action on July 20, 2020. (ECF No. 1). The Complaint brings claims concerning

     the search of his cellular telephones. Because Plaintiff is appealing the same issue to the Ninth
21
     Circuit, the Court recommends staying this civil-rights action pending a decision from the Ninth
22
     Circuit as set forth below.
23
     I.      SCREENING REQUIREMENT
24
            The Court is required to screen complaints brought by inmates seeking relief against a
25
     governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
26
     Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally
27
     "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
28

                                                   1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II.      PROCEDURAL BACKGROUND

The allegations in Plaintiff's complaint relate to several other actions.

### A.      Allegations in This Complaint

Plaintiff alleges as follows:

Defendant Mekisha Buyard ("Defendant") was Plaintiff's parole officer. Plaintiff's parole conditions included a search clause that subjected him to searches "by a probation officer, an agent or officer of the California Department of Corrections and Rehabilitation, or any other peace officer at any time of the day or night, with or without a warrant, with or without cause."

///

2

Defendant searched Plaintiff's cellphones with out warrants on May 23, July 6, August 2, September 6, October 5 and October 21, 2017. Defendant accessed the phones' internet browsers and social media applications during the searches. Plaintiff also alleges another such search might have occurred and needs discovery to determine whether such search occurred.

Plaintiff alleges the searches were unlawful warrantless searches because they searched data on the cloud, thus exceeding the warrantless searches permitted in his parole conditions. Plaintiff refers to and requests the Court to take judicial notice of his criminal case in this district, *United States v. Petersen*, 1:17-cr-00255-NONE-SKO ("Criminal Case").[1]

## B.       Conviction and Appeal

In Plaintiff's criminal case, on March 4, 2019, Plaintiff moved to suppress evidence from the searches at issue here. Criminal Case, ECF No. 38, at 11-13 (arguing, inter alia, "Defendant's parole conditions only allowed for the warrantless search of Defendant, his residence, or property under his control.  For purposes of a probation search condition, the term 'property' does not unambiguously encompass a cell phone and the information contained therein").

The trial court denied Plaintiff's motion to suppress. Criminal Case, ECF No. 49 at 19:24-25 ("[T]he Court thereby [sic] denies the motion [to suppress] and denies the request for a *Franks* hearing.").  Thereafter, Plaintiff pled guilty but retained his right to appeal. Criminal Case, ECF No. 67 at 1 (judgment, noting guilty plea to count 1 of the indictment and that appeal rights were given).

Plaintiff is currently appealing his denied motion to suppress on the same grounds he raises in the 1983 case before this Court. *United States v. Peterson*, No. 19-10246, Doc. No. 9 at 39 (9th Cir. Jan. 31, 2020) (in opening brief, arguing that "[a]ssuming *arguendo* the search conditions were not vague and allowed Officer Buyard to search any cell phone in Mr. Peterson's possession, that does not mean she could also permissibly search remote 'cloud' data accessible via the cell phone").[2]

---

[1] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980) (recognizing that under Federal Rule of Evidence 201, "a court may take judicial notice of its own records in other cases"). The Court will take judicial notice of its own records in other cases.

[2] The Court takes judicial notice of the Ninth Circuit proceedings. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within

1  **III.   LEGAL STANDARDS**

2      **A.      Section 1983**

3          The Civil Rights Act under which this action was filed provides:

4          Every person who, under color of any statute, ordinance, regulation, custom, or
           usage, of any State or Territory or the District of Columbia, subjects, or causes to
5          be subjected, any citizen of the United States or other person within the
           jurisdiction thereof to the deprivation of any rights, privileges, or immunities
6          secured by the Constitution and laws, shall be liable to the party injured in an
           action at law, suit in equity, or other proper proceeding for redress....
7

8  42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely

9  provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490

10  U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also*

11  *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*,

12  697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012);

13  *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

14          To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under

15  color of state law, and (2) the defendant deprived him of rights secured by the Constitution or

16  federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh*

17  *v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state

18  law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he

19  does an affirmative act, participates in another's affirmative act, or omits to perform an act which

20  he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler*

21  *II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*,

22  588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an

23  official sets in motion a 'series of acts by others which the actor knows or reasonably should

24  know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183

25  (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard

26  'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d

27

28  and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (internal
quotation marks and citation omitted)).

4

1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. Collateral Estoppel

"A plaintiff may be estopped from bringing a civil action to challenge an issue which was distinctly put in issue and directly determined in a previous criminal action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 762 (9th Cir. 1991) (internal quotation marks and citation omitted),

For example, in *Matthews v. Macanas*, 990 F.2d 467, 468 (9th Cir. 1993), *abrogated on other grounds as recognized by Papa v. United States,* 281 F.3d 1004, 1009 n. 12 (9th Cir. 2002), a federal magistrate judge issued search warrants for Sanders's residence. That search discovered drugs, and Sanders and Matthews were charged with violating federal drug laws. Later, Sanders and Matthews brought *Bivens* actions, asserting their Fourth Amendment rights were violated with respect to the search warrant application. The Ninth Circuit affirmed the district court's dismissal for failure to state a claim because the matter was subject to collateral estoppel:

> The issue raised here is identical to the one raised by Sanders in his direct appeal of his criminal conviction. Indeed, Sanders's opening brief in this appeal incorporates by reference the Fourth Amendment arguments presented in his criminal appeal. We have held in his criminal appeal that the affidavit in support of the search warrant established probable cause and that Sanders's constitutional rights were not violated. The *Bivens* action filed by Sanders therefore is now barred by the doctrine of collateral estoppel.

*Id.* (citations omitted). *See also Chanley v. Gillis*, 466 F. App'x 582, 583 (9th Cir. 2012) (unpublished) ("In his criminal case, Chanley moved to suppress evidence on the ground that there were misrepresentations or omissions in the affidavit in support of the application for a search warrant, and that the warrant consequently lacked probable cause. The district court denied the motion to suppress, Chanley was convicted of receipt and possession of child pornography,

and his conviction has been affirmed by this court.  Because the district court in the criminal case already rejected Chanley's arguments regarding the warrant, Chanley is collaterally estopped from re-litigating the issue here." (citations omitted)).

### C.      Stays of Cases

"[A] district court may stay a case 'pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice[.]'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Enelow v. New York Life Ins. Co.,* 293 U.S. 379, 382 (1935)).

When a plaintiff's civil-rights lawsuit relates to a pending or potential criminal case, district courts often stay the civil rights action until the criminal case is complete. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); *Bagley v. CMC Real Estate Corp*., 923 F.2d 758, 762 (9th Cir. 1991) (where plaintiff argued statute of limitations did not bar his action because he would have been collaterally estopped from bringing a civil rights action, noting plaintiff "could have filed his civil rights action within the limitations period and then asked the district court to stay that action pending the outcome of his habeas petition. Once his conviction was reversed, there could have been no collateral estoppel effect of any kind on his civil rights claims"); *Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) (unpublished) (vacating dismissal and remanding for entry of stay for civil detainee's civil-rights lawsuit that related to ongoing civil-commitment proceedings). It also proper to stay such cases before ordering service. *See Rhoden v. Mayberg*, No. 1:08-CV-00100-LJO-DLB, 2010 WL 2679921 (E.D. Cal. July 2, 2010) (on remand from Ninth Circuit case cited above, noting "[b]ecause Plaintiff is the only party that has appeared in this action, it is Plaintiff's responsibility to notify the Court when state proceedings are complete").

///

///

1

## IV.   ANALYSIS OF PLAINTIFF'S CLAIMS

2       The Court recommends staying this action until the Ninth Circuit resolves Plaintiff's

3 appeal. Plaintiff has appealed a denial of his motion to suppress various searches to the Ninth

4 Circuit and has also brought this civil-rights claim concerning that same searches. Given the

5 overlap, it is appropriate to stay Plaintiff's civil-rights case until his appeal is complete. *See*

6 *Wallace*, 549 U.S. at 393-94; *Rhoden*, 361 F. App'x at 896.

7       Entering a stay will substantially facilitate the review of Plaintiff's case. If the Ninth

8 Circuit affirms the motion to suppress, then Plaintiff may be estopped from arguing the same

9 issue here. *See Matthews*, 990 F.2d at 468. In addition, depending on the Criminal Case's final

10 disposition, Plaintiff's action here might be barred by *Heck v. Humphrey*, 512 US 477 (1994), or

11 subject to other defenses.

12 ## V.   FINDINGS AND RECOMMENDATIONS

13       Based on the foregoing, it is HEREBY RECOMMENDED that:

14       1.   This action be stayed, pending completion of Plaintiff's appeal concerning the

15            searches of his cellular phones; and

16       2.   Within 30 days of Plaintiff receiving an opinion from the Ninth Circuit concerning his

17            appeal, Plaintiff be ordered to file such opinion together with a statement regarding

18            whether he wishes to proceed in this action.

19       These findings and recommendations will be submitted to the United States district judge

20 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one

21 (21) days after being served with these findings and recommendations, Plaintiff may file written

22 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

23 Findings and Recommendations."

24 \\\

25 \\\

26 \\\

27 \\\

28 \\\

7

1    Plaintiff is advised that failure to file objections within the specified time may result in the

2    waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing

3    *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4

5    IT IS SO ORDERED.

6    Dated:    **September 8, 2020**                    /s/ *Erica P. Grosjean*

7                                                    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28