UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN,<br><br>        Plaintiff,<br><br>v.<br><br>MEKIASH BUYARD,<br><br>        Defendant. | Case No. 1:20-cv-00999-DAD-EPG<br><br>ORDER GRANTING MOTION TO PROCEED WITH CASE<br><br>(ECF No. 12)<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED, WITH PREJUDICE, BASED ON RES JUDICATA AND FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS |

Plaintiff, Kyle Petersen, is proceeding *pro se* and *in forma pauperis* in this civil rights action, filed on July 20, 2020, pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The complaint alleges that Mekisha Buyard, a California Department of Correction and Rehabilitation Parole Agent, violated his Fourth Amendment rights by unlawfully searching the contents of his various cell phones.

Plaintiff filed a civil action on the same allegations against the same Defendant in Case No. 19-cv-235. (Case No. 19-cv-235, ECF No. 1). That case was dismissed by a final judgment on the merits on December 17, 2019. (ECF Nos. 21, 22; *see* ECF No. 16).

Additionally, the constitutionality of some of the searches at issue in the instant case was litigated by Plaintiff on appeal of his underlying criminal conviction, with the Ninth Circuit

1

concluding that "the parole searches were constitutionally permissible." *United States v. Peterson*, 995 F.3d 1061, 1068 (9th Cir. 2021).

Because Plaintiff's complaint is barred by res judicata and also fails to state any cognizable claim, the Court recommends dismissal of this civil action with prejudice and the denial of leave to amend.

Objections are due within 21 days of service of these findings and recommendations.

## I.     MOTION TO PROCEED WITH THE CASE

The District Court previously stayed this case pending the Ninth Circuit's decision regarding Plaintiff's criminal appeal.  (ECF Nos. 7, 9).

The Ninth Circuit has since issued its decision, affirming the District Court, *see United States v. Peterson*, 995 F.3d 1061 (9th Cir. 2021), the stay has been lifted, and Plaintiff filed a "motion informing the Court of Plaintiff's wish to proceed in this action." (ECF No. 12). Although Plaintiff was required to only file "a statement regarding whether he wishes to proceed in this action," not a motion, the Court will grant the motion to proceed with this case and screen the complaint. (ECF No. 9, p. 2; ECF No. 12).

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

As Plaintiff is proceeding *in forma pauperis*, the Court also screens the complaint under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2), in any case in which a plaintiff is proceeding *in forma pauperis*, the Court must conduct a review of the complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim on which relief may be granted, it must be dismissed.

*Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## III.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff was released from prison to a parole term. (*See* ECF No. 1 at 5.) As part of his parole, Plaintiff was required to comply with certain terms and conditions. (*Id.*). One of the parole conditions provided as follows:

> You, your residence, and any property under your control are subject to search and seizure by a probation officer, an agent or officer of the California Department of Corrections and Rehabilitation, or any other peace officer at any time of the day or night, with or without a warrant with or without cause.

(*Id.*)

On May 23, 2017, while Plaintiff was on parole, Defendant "searched Plaintiff's [Unimax] cell phone without a warrant." (ECF No. 1, p. 2). As part of this search, "Defendant

3

accessed the internet 'browser' . . . opened Plaintiff's Facebook account and searched it, and opened and searched Plaintiff's account on 'Plenty of Fish;' a dating application." (*Id.* at 2-3). "On July 6, 2017, Defendant searched Plaintiff's LG cell phone without a warrant" opening and searching "several social media applications." (*Id.* at 3). And, "[o]n August 2, 2017, September 6, 2017, October 5, 2017, and October 21, 2017, Defendant searched a total of five of Plaintiff's cell phones. In each of these searches, Defendant accessed social media accounts."[1] (*Id.*).

Plaintiff argues that the search of his devices and the social media accounts (which he refers to as "remote 'cloud' data") was not permitted under his agreed conditions of parole and that Defendant thus impermissibly searched his cell phones and their content without a warrant in violation of the Fourth Amendment. (*Id.* at 10). Plaintiff seeks a total of $2,800,000 in punitive damages and $350 in compensatory damages. (*Id.* at 13).

Aside from the above allegations in the complaint, Plaintiff notes the dismissal of his prior case against *Buyard*, Case No. 19-cv-235. (*Id.* at 3). Notably, after recounting the dismissal of that case, he states: "After careful research, Plaintiff has found that the court was incorrect." (*Id.* at 4). He then argues that his parole conditions did not permit the search of his cell phones and their content. (*See id.* at 10-13).

## IV.   PRIOR CIVIL CASE

Plaintiff commenced his prior civil action against Defendant Buyard on February 19, 2019. (Case No. 19-cv-235, ECF No. 1). Plaintiff filed a first amended complaint on March 14, 2019. (Case No. 19-cv-235, ECF No. 8). The Court struck the first amended complaint because it was not signed by Plaintiff and instructed him to file an amended complaint bearing his signature. (Case No. 19-cv-235, ECF No. 9). On April 1, 2019, Plaintiff filed a second amended complaint (Case No. 19-cv-235, ECF No. 10), and on September 9, 2019, Plaintiff lodged a third amended complaint (Case No. 19-cv-235, ECF No. 13).

The third amended complaint brought claims against Defendant for allegedly violating Plaintiff's Fourth Amendment rights in connection with the warrantless parole searches of his

---

[1] Plaintiff speculates that a sixth phone may have been searched without a warrant but states that he will not know for sure until he is able to obtain discovery.

cell phones, including the searches of his Unimax and LG cell phones, "four or five [other] cell phones," and social media data (e.g., Facebook) contained on his cell phones. (Case No. 19-cv-235, ECF No. 17, pp. 3-4). This Court issued findings and recommendations, recommending that the case be dismissed without leave to amend under *Heck v. Humphrey*, 512 U.S. 477 (1994) and because the searches of the cell phones and their contents fell within the terms of his parole conditions. (Case No. 19-cv-235, ECF No. 16). The District Court adopted the findings and recommendations, dismissing the case on the merits in a judgment entered on December 17, 2019. (Case No. 19-cv-235, ECF Nos. 21, 22). Plaintiff moved for reconsideration, and the District Court denied the motion. (Case No. 19-cv-235, ECF Nos. 23, 24). Plaintiff did not file an appeal of the dismissal.

## V.    NINTH CIRCUIT DECISION REGARDING CRIMINAL CASE

Plaintiff pled guilty in his underlying criminal case, reserving the right to appeal the denial of his motion to suppress the evidence seized from the May 23, 2017, and July 6, 2017 parole searches of his Unimax and LG cell phones.[2]

On appeal, Plaintiff challenged the denial of his motion to suppress these parole searches. His opening brief specifically argued that the parole conditions did not extend to the cell phones or their contents, including his social media data obtained from platforms like Facebook. (Appellate Case No. 19-10246, ECF No. 9, p. 34-41). The Ninth Circuit concluded that Plaintiff had a diminished expectation of privacy as a parolee and thus the district court was correct in denying his motion to suppress. *Peterson*, 995 F.3d at 1068. Plaintiff filed a petition for rehearing *en banc*, which was denied on August 2, 2021. (Appellate Case No. 19-10246, ECF Nos. 36, 40, 41). The mandate has also issue regarding rehearing *en banc*.

\\\

---

[2] The Court may take judicial notice of its own records in other cases, *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). The Court takes judicial notice of Plaintiff's underlying criminal case, *United States v. Peterson*, No. 1:17-cr-255-LJO-SKO, that arose out of the seizure and parole searches of two of the cell phones at issue in the present case—the Unimax cell phone searched on May 23, 2017, and the LG cell phone searched on July 6, 2017. The Court also takes judicial notice of Plaintiff's appellate case, *United States v. Peterson*, Case No. 19-10246, and other civil action before this Court, *Petersen v. Buyard*, Case No. 19-cv-235-DAD-EPG. Additionally, the Court notes that Plaintiff (Petersen) also goes by "Peterson," which is why the latter spelling is used in his criminal cases.

## VI. ANALYSIS

### A. Legal Standards

#### 1. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus.*

*Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### 2. Res Judicata

Res judicata collectively incorporates the doctrines of claim preclusion and issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

> Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id.*, at 748–749, 121 S.Ct. 1808. By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

*Id.* "Both doctrines apply to criminal and civil proceedings and both require privity between the parties." *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008) (internal citation omitted).

### B. Application of Claim Preclusion to Plaintiff's Complaint

Plaintiff's complaint in this case attempts to relitigate his earlier dismissal against *Buyard* in Case No. 19-cv-235. However, res judicata prohibits him from doing so. *See McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986) (noting that it was proper for court "to examine the res judicata effect of [a] prior judgment sua sponte"). As noted above, res judicata encompasses both claim preclusion and issue preclusion. *See Taylor*, 553 U.S. at 892. Here, the court focuses on claim preclusion.

"Claim preclusion generally refers to the effect of a prior judgment in foreclosing

successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire*, 532 U.S. at 748. "Claim preclusion . . . applies where: (1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." *Central Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002). Here, all three elements are easily met in comparing this case to the prior case against Defendant, Case No. 19-cv-235.

The first element is met as both cases involved the same Plaintiff, Petersen, and the same Defendant, Buyard. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("We first note that several parties in both actions are identical, and therefore quite obviously in privity.).

In considering the second element—whether there is an identity of claims—the Court considers four factors, with the fourth being the most important:

> "(1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."

*Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Each is met here.

Here, Defendant's interest in the prior judgment dismissing Plaintiff's case against her would be impaired were Plaintiff allowed to relitigate this action. The second, third, and fourth factors are all met as both cases rely on the same evidence to prove the same violation of Plaintiff's Fourth Amendment rights by having the same cell phones and their contents (including social media data) searched without a warrant pursuant to the same parole conditions. *See United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011) (concluding that there was an identity of claims where there were "no real differences (if there are any differences at all) between the factual predicates for the two [] actions"). Moreover, Plaintiff acknowledges that the two cases concern the same cause of action, as his complaint in this case professes to "ha[ve] found that the court was incorrect" in deciding his prior case and this action appears to be nothing more than an improper attempt to

revive his previously dismissed case. (ECF No. 1, p. 4); *see Reyes v. Modesto*, No. 2:14-CV-0795 KJM, 2014 WL 1392944, at *2 (E.D. Cal. Apr. 9, 2014) (concluding that there was an identity of claims where "Plaintiff expressly allege[d] in her complaint that she has filed her complaint in this case against defendants in an attempt to "reopen" . . . a case that was previously dismissed with prejudice due to plaintiff's failure to effectuate service of process").

Lastly, the final element is met because the prior case was terminated by a final judgment on the merits. *Harris*, 682 F.3d at 1132 ("The [final judgment] factor for claim preclusion is also met, because there was a final summary judgment on the merits in the REAOC litigation.").

### C. Application of Issue Preclusion to Plaintiff's Complaint

Plaintiff's complaint, at least as to the May 23, 2017, and July 6, 2017 parole searches of his phones, attempts to relitigate the constitutionality of the searches that the Ninth Circuit found valid in Plaintiff's criminal appeal. However, issue preclusion, also known as collateral estoppel, prevents him from doing so. *See Brownback v. King*, 141 S. Ct. 740, 747 (2021) (noting that "issue preclusion, also known as collateral estoppel" is a doctrine that "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment").

"A plaintiff may be estopped from bringing a civil action to challenge an issue which was distinctly put in issue and directly determined in a previous criminal action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 762 (9th Cir. 1991) (internal quotation marks and citation omitted); *see White v. City of Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012) ("The rules of claim and issue preclusion apply equally to § 1983 actions in federal courts."). Because Plaintiff's criminal case arose in federal court, "federal law controls the collateral estoppel analysis." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004).

> Three factors must be considered before applying collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated [by the party against whom preclusion is asserted] in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.

*Id.* (alterations in original and internal quotation marks and citations omitted).

All three factors are met here. Plaintiff, a party in both this case and his criminal case, already litigated the constitutionality of the May 23, 2017, and July 6, 2017 parole searches of his phones in a motion to suppress in his criminal case, with the Ninth Circuit ultimately upholding the constitutionality of the searches. *Peterson*, 995 F.3d at 1068 (concluding that "the parole searches were constitutionally permissible"); *Allen v. United States*, 964 F. Supp. 2d 1239, 1261 (D. Nev. 2013) (applying collateral estoppel in a civil case challenging the constitutionality of warrantless entry where the pertinent issue had been decided in a motion to suppress in a criminal case). And the determination of the constitutionality of the searches was a critical and necessary part of the judgment in the criminal case because Plaintiff might not have been found guilty of his crimes had the evidence from the phones been suppressed.

**D.  The Ninth Circuit's Decision Controls**

Even if Plaintiff's underlying criminal case did not provide a basis for issue preclusion, the Ninth Circuit's decision on appeal upholding the legality of the searches controls the outcome of this case and Plaintiff thus fails to state a claim.

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

"[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness,'" and thus, "[w]here a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant." *Riley v. California*, 573 U.S. 373, 381-82 (2014) (second alteration in original) (internal quotation marks and citations omitted). "In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." *Id.* at 382.

The Ninth Circuit explained in *United States v. Johnson* that "status as a parolee significantly diminishes one's privacy interests as compared to the average citizen." 875 F.3d 1265, 1273 (9th Cir. 2017). "'[P]arole is an established variation on imprisonment of convicted

criminals' and granted only 'on the condition that the prisoner abide by certain rules during the balance of the sentence.' Parolees are thus subject to various state-imposed intrusions on their privacy, including mandatory drug tests, meetings with parole officers, and travel restrictions." *Id.* (quoting *Samson v. California*, 547 U.S. 843, 850, 851 (2006)). "California law also specifically provides that all parolees shall be 'subject to search or seizure by a probation or parole officer or other peace officer at any time of the day or night, with or without a search warrant or with or without cause.'" *Johnson*, 875 F.3d at 1274. Thus, despite the importance of cell phone privacy, and the amount and character of data that can be contained in or accessed through it, "and the corresponding intrusiveness of a cell phone search," a warrantless search of a parolee's cell phone pursuant to applicable state law is not unreasonable and does not violate the Fourth Amendment. *See id.* at 1274-75.

Here, Plaintiff was specifically informed that he and any property under his control "are subject to search and seizure by a probation officer . . . at any time . . . with or without a warrant with or without cause." (ECF No. 1, p. 5). Accordingly, in upholding the constitutionality of the May 23, 2017, and July 6, 2017 parole searches, the Ninth Circuit relied on *Johnson* and Plaintiff's status as a parolee to conclude that Plaintiff had a diminished privacy interest:

> Peterson, a California parolee, had the same diminished privacy interest, and the State of California had the same substantial interest in supervising parolees as discussed in *Johnson*. *See id.* at 1273–74. Peterson agreed that as a parolee he and his property could be searched at any time with or without a warrant. Peterson specifically agreed not to possess a cell phone with a camera, use social media sites, or possess "electronic media" displaying sexually explicit content. Finally, he consented to "announced or unannounced examination and/or search of [his] electronic devices." The district court, therefore, appropriately denied Peterson's motion to suppress with respect to the parole searches. *See id.* at 1273–74.

*Peterson*, 995 F.3d at 1068.

The Ninth Circuit's holding in this case is binding precedent and resolves Plaintiff's challenge to all the searches of his various cellphones at issue in this civil case. *Gonzalez v. Arizona*, 677 F.3d 383, 390 n. 4 (9th Cir. 2012), *aff'd sub nom. Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1 (2013) (noting that "a published decision of [the Ninth Circuit] constitutes binding authority"). Simply put, Defendant's seizures and searches of Plaintiff's cell

phones and the search of their content fall within the terms and conditions of Plaintiff's parole, under which conditions he had a diminished privacy interest.

While Plaintiff recognizes that that the Ninth Circuit concluded that the parole searches were valid, he states that there was no discussion of cloud data and thus the legality of the search of his social medial platforms was "not necessarily decided by the Ninth Circuit." (ECF No. 12).

Although the Ninth Circuit did not discuss in detail the searches of the social media platforms, it acknowledged Plaintiff's argument: "Peterson argues that the parole searches were not authorized because his parole conditions did not unambiguously include cell phones *and their content* as property subject to search." *Peterson*, 995 F.3d at 1067 (emphasis added). Moreover, in rejecting Plaintiff's argument, the Court made clear that his diminished privacy interest and his agreement to the parole conditions reached his social media accounts, rejecting his attack on the validity of the searches after specifically noting that "Peterson specifically agreed not to possess a cell phone with a camera, *use social media sites*, or possess "electronic media" displaying sexually explicit content. *Id.* at 1068 (emphasis added). Thus, the Ninth Circuit's reasoning applies here and Plaintiff's Fourth Amendment claims fail on the merits.

**E.  Application of *Heck v. Humphrey* to Plaintiff's Complaint**

Additionally, under *Heck v. Humphrey*, 512 U.S. 477 (1994), a § 1983 plaintiff seeking to bring a claim for damages which, if successful, would necessarily imply the invalidity of his conviction or sentence must first demonstrate that the conviction or sentence was reversed, expunged, or otherwise invalidated. *Id.* at 486-87; *see Muhammad v. Close*, 540 U.S. 749, 750-51 (2004) (noting that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence must be brought by way of a petition for writ of habeas corpus). Here, as noted previously, Plaintiff's motion to suppress the evidence seized from the Unimax and LG cell phones during the parole searches was denied in Plaintiff's underlying criminal case and that decision was affirmed on appeal.

Plaintiff pled guilty and conditioned his right to appeal the suppression issue.³ If Plaintiff were successful in the present § 1983 action challenging the constitutionality of the parole searches of the Unimax and LG cell phones, that success would necessarily imply the invalidity of Plaintiff's conviction in the criminal case because his conviction was ultimately based on the evidence obtained from the Unimax and LG cell phones. (*See United States v. Peterson*, No. 1:17-cr-255-LJO-SKO (ECF No. 1 – indictment; 50 – plea agreement)). Thus, Plaintiff's claims in this § 1983 action related to the parole searches of the Unimax and LG cell phones are barred by *Heck* as a result of Plaintiff's convictions in the criminal case. *See* 512 U.S. at 486-87.

## VII.  CONCLUSION AND RECOMMENDATIONS

Plaintiff's complaint is barred by res judicata and also fails to state any cognizable claim. Additionally, leave to amend should be denied based on the futility of amendment.

Based on the foregoing, IT IS ORDERED that Plaintiff's motion to proceed with action (ECF No. 12) is GRANTED.

Furthermore, IT IS RECOMMENDED that:

1. This action be DISMISSED, with prejudice, based on res judicata and Plaintiff's failure to state a claim upon which relief may be granted under § 1983; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time

---

³ Regarding *Heck*'s application to guilty pleas, the Ninth Circuit recently concluded that "[w]hether the accused wishes to proceed to trial or enter a guilty plea is not the defining factor of *Heck*'s application. Instead, the relevant inquiry is whether the record contains factual circumstances that support the underlying conviction . . . , not whether the conviction was obtained by a jury verdict or a guilty plea." *Lemos v. Cty. of Sonoma*, 5 F.4th 979 (9th Cir. 2021).

may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 18, 2021__   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE